UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No.  6:14-cv-1538-Orl-22TBS

DOUGLAS MESADIEU, individually and
d/b/a LBS TAX SERVICES, MILESTONE
TAX SERVICES, TAX ADVANCE, INC.,
PLATINUM CAPITAL GROUP, INC.,
PRINCETON CAPITAL GROUP, INC.,
GALLEON CAPITAL GROUP, INC., SANTA
MARIA GROUP, INC., and TAX AID, LLC,

    Defendant.
_____/

## ORDER

Plaintiff The United States of America alleges that Defendant Douglas Mesadieu individually and as the sole owner of Tax Advance, Inc., Platinum Capital Group, Inc., Princeton Capital Group, Inc., Galleon Capital Group, Inc., Santa Maria Group, Inc., and Tax Aid, LLC owns and operates 46 tax return preparation stores in Florida, Georgia, and Texas.  (Doc. 1).  Plaintiff avers that Defendant has violated federal tax laws by continually and repeatedly causing the preparation of false and fraudulent federal income tax returns thus causing the loss of millions of dollars in taxes.  (Id.).  Plaintiff further alleges that Defendant's customers now face large income tax debts and may be liable for sizeable penalties and interest.  (Id.)

Pending before the Court is Plaintiff's Unopposed Motion for Leave to Take More than 10 Fact Depositions (Doc. 19).  Plaintiff desires to take a sufficient number of depositions to provide the Court with testimony from witnesses whose tax returns

were prepared in several different geographic areas and in several different years to support its allegations of widespread and systemic preparation of fraudulent tax returns. (Id.). Plaintiff also wishes to depose Defendant's employees and other persons associated with Defendant's tax preparation business. (Id.). To accomplish this discovery, Plaintiff is requesting leave of Court to take up to 100 fact depositions. Defendant does not oppose the motion. (Id.).

When a party seeks leave of court to take more than the ten depositions allowed by Fed. R. Civ. P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C). These concerns are adequately addressed and satisfied because Defendant consents to the relief requested in the motion. Accordingly, after due consideration the motion is GRANTED. Plaintiff may take up to 100 fact depositions in this case.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on November 26, 2014.

*signature*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel